UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHRISTINA M. POTTER,

   Plaintiff,

-v-

JEFFREY D. HAVLICEK,

   Defendant,

and

AMY ROBB f/k/a HAVLICEK

   Defendant.

---

JEFFREY D. HAVLICEK,

   Third Party Plaintiff,

-v-

DEEP SOFTWARE, INC.,

   Third Party Defendant.

Case No. 3:06-CV-211

Judge Thomas M. Rose
Magistrate Judge Sharon L. Ovington

---

**ENTRY AND ORDER FINDING DEEP SOFTWARE'S MOTION TO DISMISS HAVLICEK'S THIRD PARTY COMPLAINT (Doc. #89) MOOT AND GRANTING DEEP SOFTWARE'S MOTION TO DISMISS HAVLICEK'S AMENDED THIRD PARTY COMPLAINT (Doc. #94)**

---

  This matter comes before the Court on two Motions To Dismiss filed by Third Party Defendant Deep Software, Inc. ("Deep Software") and an Amended Answer, Counterclaim and Third Party Complaint filed by Defendant and Third Party Plaintiff Jeffrey D. Havlicek ("Havlicek"). Both Motions To Dismiss are fully briefed and ripe for decision.

Havlicek initially filed a Complaint against Deep Software in this Court in Case No. 3:07-cv-341. Pursuant to a motion filed by Havlicek, Case No. 3:07-cv-341 and Case No. 3:07-cv-357 were consolidated into the above captioned case. (Doc. #80.) Before these cases were ordered consolidated, Havlicek filed an Amended Answer, Counterclaim and Third Party Complaint naming Deep Software as a Third Party Defendant. (Doc. #75.) After the case consolidation, Deep Software moved to dismiss the Third Party Complaint. (Doc. #89.) Havlicek then filed an Amended Third Party Complaint against Deep Software. (Doc. #91.) Deep Software then filed a Motion To Dismiss Havlicek's Amended Third Party Complaint. (Doc. #94.)

## COMPLAINT TO BE CONSIDERED

The first issue to be decided is which of Havlicek's third party complaints should be considered with regard to Deep Software's Motions To Dismiss. In his Response to Deep Software's Motion To Dismiss the claims against it in Havlicek's Amended Answer, Counterclaim and Third Party Complaint, Havlicek argues that his Amended Third Party Complaint addresses the issues raised in Deep Software's first Motion To Dismiss and, therefore, renders Deep Software's first Motion To Dismiss moot. In its Reply, Deep Software responds that the Court has not yet ruled Havlicek's first Motion To Dismiss moot and that it also intends to file a motion to dismiss Havlicek's Amended Third Party Complaint. (Doc. #93.) Deep Software offers no argument, however, that Havlicek is not entitled to file his Amended Third Party Complaint.

In its Motion To Dismiss Havlicek's Amended Third Party Complaint, Deep Software argues that the two causes of action set forth in Havlicek's Amended Third Party Complaint are

substantially identical to two of the causes of action against Deep Software set forth in Havlicek's Amended Answer, Counterclaim and Third Party Complaint.  Havlicek abandoned the third and only other claim against Deep Software when he filed his Amended Third Party Complaint. Further, in its Motion To Dismiss Havlicek's Amended Third Party Complaint, Deep Software incorporates by reference the arguments that it made with regard to dismissing the claims against it in Havlicek's Amended Answer, Counterclaim and Third Party Complaint. (Doc. #94.)

The two claims against Deep Software in Havlicek's Amended Third Party Complaint are substantially the same as two of the three claims against Deep Software in Havlicek's Amended Answer, Counterclaim and Third Party Complaint. Further, Deep Software offers no argument that Havlicek should not be permitted to file his Amended Third Party Complaint. Finally, Deep Software will not be prejudiced by the filing of the Amended Third Party Complaint because it has determined that the two remaining claims are substantially similar to two of the claims Havlicek made against it in his Amended Answer, Counterclaim and Third Party Complaint to which Deep Software has responded.

Therefore, Deep Software's Motion To Dismiss the claims against it in Havlicek's Amended Answer, Counterclaim and Third Party Complaint (doc. #89) is rendered MOOT by the filing of Havlicek's Amended Third Party Complaint (doc. #91). It is Havlicek's Amended Third Party Complaint that is now before the Court and the Court will consider the arguments presented in both of Deep Software's Motions To Dismiss as they apply to the claims against Deep Software in Havlicek's Amended Third Party Complaint.

## HAVLICEK'S AMENDED THIRD PARTY COMPLAINT[1]

Deep Software manufactures and sells computer software packages. (Amended Third Party Complaint ¶ 6.) Deep Software sells and distributes its software packages through the mail and over the internet. (Id. ¶ 7.)

Specifically, Deep Software manufactured and sold a computer software product called "Activity Monitor." (Id. ¶ 8.) Deep Software advertised Activity Monitor as "an ideal spy software package to ensure you have the control you need over your child or spouse activity when they are online." (Id. ¶ 8.) Once installed, Activity Monitor would automatically record and store on the computer all activity of the persons using that computer. (Id. ¶ 9.)

Deep Software's advertising warned that Activity Monitor had to be installed on a computer that the purchaser either owned or had authorization to use. (Id. ¶ 13.) However, Deep Software's advertising did not include an admonishment that its function of recording and storing the computer's activity could be considered an "interception" in violation of federal and state laws. (Id.) Finally, according to Havlicek's Amended Third Party Complaint, Deep Software knew when it sold the software to Havlicek that Activity Monitor was designed to be primarily useful for the purpose of surreptitious interception of electronic communications. (Id. ¶ 16.)

Havlicek purchased Activity Monitor, based upon its advertised capabilities, over the internet from his home in Greene County, Ohio for the purpose of installing it on his personal home computer. (Id. ¶¶ 11-12.) He then installed and used Activity Monitor on his family

---

[1] These allegations are taken as true for purposes of Deep Software's Motion To Dismiss Havlicek's Amended Third Party Complaint.

-4-

computer that he both owned and was an authorized user thereof. (Id. ¶¶ 14-15.)

Havlicek has now been sued by Amy Robb ("Robb"), his ex-wife, and Christina M. Potter ("Potter") for intercepting their communications using Activity Monitor. (Id. ¶ 17.) As a result, Havlicek has incurred and will continue to incur "thousands of dollars in legal fees in defending against those actions and could be subject to a substantial civil judgment that could affect his career as an officer in the United States Air Force." (Id. ¶ 17.)

In his First Claim for Relief, Havlicek alleges that Deep Software sold Activity Monitor through interstate commerce knowing that its primary use by the purchaser would be used to surreptitiously intercept other electronic communications in violation of 18 U.S.C. § 2512 and that he is entitled to civil recovery for this violation pursuant to 18 U.S.C. § 2520. (Id. ¶¶ 19-21.) In his Second Claim for Relief, Havlicek alleges that he relied upon Deep Software's advertising and promotions regarding Activity Monitor to his detriment and, to the extent he is found liable to Robb and/or Potter, Deep Software should be liable to him. (Id. ¶¶ 23-24.)

## JURISDICTION AND VENUE

This Court has jurisdiction over Havlicek's Amended Third Party Complaint pursuant to 28 U.S.C. § 1332 based upon alleged violations of federal law. Venue lies in this Court because Havlicek was a resident of Greene County at all times relevant.

## STANDARD OF REVIEW

Deep Software moves to dismiss Havlicek's Amended Third Party Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir.

1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004). Further, for purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. However, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S.Ct. at 1965(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). The factual allegations in the complaint, even if doubtful in fact, must do something more than merely create a suspicion of a legally cognizable right. *Id.*

Also, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996).  The Court "need not accept as true legal conclusions or unwarranted factual inferences*."  Morgan v. Church's Fried Chicken,* 829

F. 2d 10, 12 (6th Cir. 1987).  Put another way, bare assertions of legal conclusions are not sufficient.  *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996).  It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss.  *Id.*; see also Wright & Miller, *supra*, §1357. The analysis now turns to Deep Software's Motion To Dismiss Havlicek's Amended Third Party Complaint.

## MOTION TO DISMISS

Deep Software argues that Havlicek's First Claim for Relief should be dismissed because 18 U.S.C. § 2520 does not provide a private cause of action for violation of 18 U.S.C. § 2512, because Havlicek has no standing to sue under 18 U.S.C. § 2520 and because Activity Monitor, the software at issue, is not a "device" as that term is used in the Federal Electronic Communication Privacy Act (the "FECPA"). Deep Software argues that Havlicek's Second Claim for Relief should be dismissed because Deep Software bears no fault for any of the claims asserted against Havlicek.

As to his First Claim for Relief, Havlicek responds that 18 U.S.C. § 2520 provides a private cause of action for violation of 18 U.S.C. § 2512. Havlicek also responds that Havlicek has standing to sue under 18 U.S.C. § 2520 because he is a victim of having his electronic communications intercepted. Finally, Havlicek argues that Activity Monitor is a "device" as that term is used in the FECPA. As to his Second Claim for Relief, Havlicek responds that, if his installation of Activity Monitor on his computer was a violation of the FECPA, then he should be permitted to seek redress for the damages that he may suffer as a result. Each of Havlicek's claims for relief will be addressed seriatim.

<u>First Claim for Relief: Violation of 18 U.S.C. § 2512</u>

The analysis of Deep Software's Motion To Dismiss Havlicek's First Claim for Relief involves interpretation of certain provisions of the FECPA. Those relevant provisions and their interpretations by courts will first be set forth followed by an analysis of Deep Software's arguments.

Relevant Provisions of the FECPA

Two provisions of the FECPA are at issue with regard to Havlicek's First Claim for Relief: 18 U.S.C. § 2512 and 18 U.S.C. § 2520.  Section 2512 provides a criminal punishment for those involved in manufacturing and trafficking in devices used for the theft of electronic communications. The relevant part of section 2512 is:

> (1) Except as otherwise specifically provided in this chapter, any person who intentionally –
>
>   (a) sends through the mail, or sends or carries in interstate or foreign commerce, any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications;
>
>   (b) manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce; or
>
>   (c) places in any newspaper, magazine, handbill, or other publication or dissemination by electronic means any advertisement of –
>
>     (i) any electronic, mechanical, or other device knowing the content of the advertisement and knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications; or
>
>     (ii) any other electronic, mechanical, or other device, where such advertisement promotes the use of such device for the purpose of the surreptitious interception of wire, oral, or electronic communications,

>    knowing the content of the advertisement and knowing or having reason to
>    know that such advertisement will be sent through the mail or transported in
>    interstate or foreign commerce,

> shall be fined under this title or imprisoned not more than five years, or both.

Section 2520 provides a civil remedy for the victim of the theft of an electronic communication. *DIRECTV, Inc. v. Treworgy*, 373 F.3d 1124, 1126 (11th Cir. 2004). The relevant part of section 2520 is:

> (a) In general. – Except as provided in section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Above is the current version of section 2520. After the Fourth Circuit entered its decision in *Flowers v. Tandy Corp.*, 773 F.2d 585 (1985), Congress amended section 2520 three times. *DIRECTV, Inc. v. Amato*, 269 F. Supp.2d 688, 690 (E.D. Va. 2003). These amendments expanded section 2520's language to add electronic communications to those means of eavesdropping already prohibited. *Id.* The amendments also added instructions on the computation of damages and the statute of limitations. *Id.* Finally, and relevant to the matter before the Court, Congress changed the first paragraph of section 2520 to the language set forth above.[2] *Id.* The version of the first paragraph of Section 2520 in effect when *Flowers* was decided was:

---

[2]A comparison of the former and current versions of Section 2520 reveals only one significant difference that impacts upon the *Flower's* outcome. *Amato*, 269 F. Supp.2d at 690-91. In 1986, Congress removed the language "or procures any other person to intercept, disclose, or use such communication." *Id.* As a result, the victim of any such crime can no longer use Section 2520 to sue the maker or sell of an otherwise lawful device that is later used to violate the law. *Id.*

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person…

Private Cause of Action

Deep Software first argues that section 2520 does not provide a private cause of action for violation of section 2512. Based upon a reading of the current version of the plain language of Section 2520, this Court agrees.

Because it creates a civil remedy, section 2520 defines both the victims for whose benefit the remedy exists and the offenders who are liable. *See Treworgy*, 373 F.3d at 1127. The plaintiff in the civil action is "any person whose wire, oral, or electronic communication is intercepted, disclosed or intentionally used in violation of this chapter." *Id.* (citing 18 U.S.C. § 2520(a)). The defendant is "the person or entity which engaged in that violation." *Id.*

In 2005, after the language of section 2520 had been changed by Congress, the Fourth Circuit found that a reading of the current statute resulted in the same reasoning and conclusion that it had reached in *Flowers* in 1985. *DIRECTV, Inc. v. Nicholas*, 403 F.3d 223, 227 (4th Cir. 2005). In *Flowers*, the Fourth Circuit explained why a private cause of action did not exist under the old version of section 2520 for a section 2512 violation as follows:

> Though § 2520 provides an action for any person whose communications is "intercepted, disclosed or used in violation of this chapter,"… the language defining the class of persons liable is not comparably broad. The statute expressly limits those against whom the private action lies to the person who "intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications." This language tracks very closely the criminal offenses set out in § 2511, whereas the criminal offenses set out in § 2512 are defined in such terms as "manufacture," "assemble," "possess," and "sell." The express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of §

> 2512 but does not engage in conduct violative of § 2511.
> …
> Though any criminal statute is in part enacted for the benefit of the victims of the crime, … § 2512 appears to have been designed for benefitting the public as a whole by removing such devices from the market. Section 2511, which makes criminal the actual practice of wiretapping, is more properly aimed at protecting the particular victim, and indeed, Congress recognized that purpose by expressly providing in § 2520 a private cause of action for victims of acts made criminal in § 2511.

*Nicholas*, 403 F.3d at 227 (quoting *Flowers*, 773 F.2d at 588-89).

In *Treworgy*, an opinion issued in 2004, the Eleventh Circuit concluded that the new version of section 2520 does not create civil liability under section 2512. *Treworgy*, 373 F.3d at 1127-28. The Eleventh Circuit also found that the new version of section 2520 did not change *Flowers*' holding regarding civil liability. *Id.* at 1128.

In addition to the Fourth and Eleventh Circuits, the Fifth Circuit has determined that section 2520 does not provide a private cause of action for violation of section 2512. In *DIRECTV v. Robson*, the Fifth Circuit held that Section 2520 does not provide a cause of action for the possessory violations set forth in Section 2512. 420 F.3d 532, 539 (5th Cir. 2005).

In addition to the Circuit Courts identified above, several district courts have considered whether section 2520 provides a private cause of action for violation of section 2512 but with conflicting results. *Compare, e.g. DIRECTV v. Gemmell*, 317 F. Supp. 2d 686 (W.D. La. 2004)(concluding that section 2520 does not confer a private cause of action for violations of section 2512); *DIRECTV v. Murray*, 307 F. Supp.2d 764 (D.S.C. 2004)(same); *DIRECTV v. Boggess*, 300 F. Supp.2d 444 (S.D. W.Va. 2004)(same); *DIRECTV v. Maraffino*, No. 03-3441, 2004 WL 170306 (N.D. Ill. Jan. 23, 2004)(same); *DIRECTV v. Castillo*, No. 03-3456, 2004 WL 783066 (N.D. Ill. Jan. 2, 2004)(same); *DIRECTV v. Westendorf*, NO. 03-50210, 2003 WL

22139786 (N.D. Ill. Sept. 16, 2003)(same); *Amato*, 269 F. Supp.2d 688 (same) *with DIRECTV v. Dillon*, No. 03 C 8578, 2004 U.S. Dist. LEXIS 7229 (N.D. Ill. Apr. 27, 2004)(deciding a violation of section 2512 can give rise to a civil action under section 2520); *DIRECTV v. Figueroa*, No. 03-cv-4396, 2004 U.S. Dist. LEXIS 28000 (D.N.J. Apr. 14, 2004)(same); *DIRECTV v. Kitzmiller*, No. 03-3296, 2004 U.S. Dist. LEXIS 5263 (E.D. Pa. Mar. 31, 2004)(same); *DIRECTV v. Dyrhaug*, No. 03-8389, 2004 WL 626822 (N.D. Ill. Mar. 26, 2004)(same); *DIRECTV v. Rogers*, No. 03cv2415, 2004 U.S. Dist. LEXIS 27993 (D.N.J. Mar. 1, 2004)(same); *DIRECTV v. Dougherty*, No. 02-5576, 2003 U.S. Dist. LEXIS 23654 (D.N.J. Oct. 8, 2003)(same); *DIRECTV v. Gatsiolis*, No. 03-3534, 2003 WL 22111097 (N.D. Ill. Sept. 10, 2003)(same); *Oceanic Cablevision, Inc., v. M.D. Elec.*, 771 F. Supp. 1019 (D. Neb. 1991)(same). Further, two district courts in the Sixth Circuit have held that section 2520 does not confer a private cause of action for violation of section 2512. *DIRECTV v. Wallace*, 347 F. Supp.2d 559 (M.D. Tenn. 2004)(Congress did not intend to duplicate a civil illegal interception claim using § 2512(1) when § 2511 already fulfills that purpose); *DIRECTV v. Lorenzen*, 299 F. Supp.2d 789 (N.D. Ohio 2004)(recovery cannot be obtained under § 2520 for a violation of § 2512(1)(b) based upon a reading of the plain language of § 2520).

In sum, three circuit courts, two district courts in the Sixth Circuit and several other district courts have found that section 2520 does not provide a private cause of action for violation of section 2512. Generally, those district courts that have found that section 2520 does not confer a private cause of action for violation of section 2512 have found that the amendments to section 2520 have not altered the reasoning set forth in *Flowers*. Section 2520 proscribes only the manufacturing, distribution and possession of a device primarily useful for the interception of

wireless communication and does not address actual interception. As one court put it, section 2520 does not contemplate imposing civil liability on software manufacturers and distributers for the activities of third parties. *Searcy v. Microsoft Corp.*, No. 5:04CV5700C-10GRJ, 2005 WL 1163114 at *1 (M.D. Fl. May 4, 2005).

No Circuit Courts have found that section 2520 provides a private cause of action for violation of section 2512. Generally, those district courts that have determined that section 2520 confers a private cause of action for violation of section 2512 have found that section 2520 is a provision that confers standing on plaintiffs. These courts do not view section 2520 as limiting those against whom an action under section 2512 lies to those who have "intercepted, disclosed or intentionally used" wire, oral or electronic communications. *See, e.g. Rogers*, 2004 U.S. Dist. LEXIS 27993 at *14.

Based upon a reading of the clear language of sections 2512 and 2520 and adopting the reasoning set forth by the Fourth, Fifth and Eleventh Circuit courts in *Nicholas*, *Robson* and *Treworgy*, this Court finds that section 2520 does not provide a private cause of action for violation of section 2512. Therefore, Havlicek's First Claim for Relief against Deep Software for violation of 18 U.S.C. § 2512 is DISMISSED.

Standing

Even if Havlicek's First Claim for Relief were not dismissed because section 2520 does not provide a private cause of action for violation of section 2512, it would be dismissed because Havlicek does not have standing to bring a claim under section 2512. "Standing means that the individual who is allowed to bring a suit under Section 2520 is the person whose electronic communications have been intercepted **and used**." *Rogers*, 2004 U.S. Dist. LEXIS 27993 n.5,

emphasis added.

To achieve standing, a federal wire-tapping plaintiff must allege that his or her "wire, oral, or electronic communication" was "intercepted, disclosed, or intentionally used" **by the defendant**. *Searcy*, 2005 WL 1163114 at *1, emphasis added; *see also Treworgy*, 373 F.3d at 1127. Said another way, "[t]he plain meaning of section 2520 requires that an aggrieved person must have suffered an actual illegal interception, disclosure, or use of his or her communications before that person may initiate a civil suit under § 2520(a)." *Wallace*, 347 F. Supp.2d at 565.

Section 2520 is read by courts that have found it to provide a civil cause of action for violation of section 2512 to confer standing on one who has suffered an actual illegal interception, disclosure or use of his or her communications. Standing is conferred to bring a private cause of action for violation of section 2512.

Havlicek argues that his actions of installing Activity Monitor and viewing the information gathered by Activity Monitor do not constitute an illegal "interception" under the FECPA. However, according to Havlicek, if this Court or a jury concludes otherwise, then he has been the victim of having his electronic communications intercepted.

Havlicek's argument that he may have standing, however, fails for two reasons. First, Havlicek has not pled that Deep Software used the communications that were intercepted as is required to show standing. Second, the notion that Havlicek could unilaterally confer standing upon himself by his own allegedly illegal use of Activity Monitor in conjunction with his computer is nonsensical. In accordance with a reading of the plain language of sections 2512 and 2520, the only proper defendant for Havlicek's alleged illegal use of Activity Monitor on his computer is Havlicek himself. Havlicek cannot confer standing upon himself based upon

something he allegedly did.

Even if the law permitted such an undertaking, Havlicek does not have standing to bring a civil claim for violation of section 2520. His First Claim for Relief may be dismissed on this basis alone.

"Device"

Even if Havlicek's First Claim for Relief were not dismissed because section 2520 does not provide a private cause of action for violation of section 2512 or because Havlicek had no standing to bring a civil action for a violation of section 2512, it would be dismissed because Activity Monitor is not a device as contemplated by Section 2512.

Section 2512 makes the manufacture and/or trafficking of "any electronic, mechanical, or other device" illegal. The phrase "electronic, mechanical, or other device" is defined in 18 U.S.C. § 2510(5) to generally mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication…." Clearly, Activity Monitor alone cannot be used to intercept communications. It must be installed in a device, such as a computer, to be able to do so.

Also, the definition of the word "device" does not encompass software such as Activity Monitor. *Merriam Webster Dictionary* defines "device" as "a piece of equipment or a mechanism designed to serve a special purpose or perform a special function." Activity Monitor alone is not a piece of equipment or a mechanism.

Havlicek submits another definition of the word "device" for consideration. According to Havlicek, *The American Heritage Dictionary of the English Language* states that a "device" is "something devised or constructed for a particular purpose" or "a plan or scheme." Again,

however, computer software alone, Activity Monitor in this case, does not fit into this definition.

As was simply stated by one court, "Section 2520 simply does not contemplate imposing civil liability on software manufacturers and distributors for the activities of third parties." *Searcy*, 2005 WL 1163114 at *1. Also, no court has applied the FECPA to a computer software program.

Activity Monitor, alone, is not a devise as contemplated by section 2520. Therefore, Havlicek's First Claim for Relief may be dismissed on this basis alone.

Taking the factual allegations in his First Amended Complaint as true, Havlicek has not shown that he has a private cause of action under Section 2520, that he has standing to bring a private cause of action under section 2520 or that Activity Monitor is a "device" as contemplated by section 2512. As a result, Havlicek's First Claim for Relief does not state a claim upon which relief may be granted. Therefore, Deep Software's Motion To Dismiss Havlicek's First Claim for Relief is GRANTED.

## Second Claim for Relief: Indemnification/Contribution

In his Second Claim for Relief, Havlicek asserts that, to the extent he is found liable for any claim arising out of his use of Activity Monitor, Deep Software should be liable to him. Deep Software argues that this claim should be dismissed because it bears no fault for any alleged injury suffered by Potter and/or Robb.

Ohio's rule of indemnity provides that, "where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof, he has a right of indemnity from the person committing the wrongful act…." *Satterfield v. St. Elizabeth Health Center*, 824 N.E.2d 1047, 1050 (Ohio Ct. App. 2005)(citing *Travelers Indem. Co. v. Trowbridge*,

321 N.E.2d 787 (Ohio 1975). The party paying the damages is secondarily liable, and the party committing the wrongful act is primarily liable. *Id.* Therefore, without fault, there is no basis for indemnification. *Id.* Also, if two tortfeasors are not acting in concert or do not share a common duty toward or common goal affecting the injured party, their acts are independent and neither has a right to contribution or indemnification from the other. *Cochran v. B. & O. R.. R..*, 324 N.E.2d 759 syllabus (Ohio Ct. App. 1974).

In this case, as determined above, Deep Software is without fault. Havlicek has not shown that Deep Software is liable for his use of Activity Monitor in his computer to allegedly intercept the electronic communications of others. Therefore, Havlicek's Second Claim for Relief against Deep Software does not state a claim upon which relief may be granted and must be DISMISSED.

## SUMMARY

Both of Havlicek's Claims for Relief must be dismissed. Havlicek's First Claim for Relief is dismissed because the FECPA does not provide for a private cause of action for violation of section 2512, because, if it did, Havlicek does not have standing to bring such a claim and because, if it did, the manufacture and distribution of Activity Monitor is not proscribed by section 2512. Further, Havlicek's Second Claim for Relief is dismissed because Deep Software is without fault so Havlicek is not entitled to contribution or indemnification. Deep Software's Motion To Dismiss Havlicek's Amended Third Party Complaint (doc. #94) is, therefore, GRANTED.

DONE and **ORDERED** in Dayton, Ohio this Twenty-Third day of June, 2008.

                                                 **s/Thomas M. Rose**

                                      _____
                                            THOMAS M. ROSE
                                 UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record